UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RACHEL FRANKLIN

VERSUS

GOLDEN CORRAL CORPORATION

CIVIL ACTION

NUMBER 14-224-JJB-SCR

**RULING MOTION TO COMPEL DISCOVERY**

Before the court is the Motion to Compel filed by defendant Golden Corral Corporation. Record document number 6. No opposition or other response has been filed.

Defendant Golden Corral Corporation filed this motion to compel plaintiff Rachel Franklin, individually and on behalf of her minor child, Eugenia Davis, to provide supplemental answers to discovery requests propounded on July 7, 2014.[1] Defendant asserted that the plaintiff responded to its requests on December 18, 2014,[2] but failed to provide specific information concerning medical treatment and expenses and produce any photographs of the minor child's alleged injuries, as requested in Interrogatory Numbers 5, 6, 13, 14, and 15 and Request for Production of Documents Numbers 2, 3, 4, and 8.[3]

---

[1] Record document number 6-3, Exhibit A.

[2] In a November 19, 2014 letter, the defendant granted the plaintiff an extension until November 28, 2014 to provide her responses. Record document number 6-5, Exhibit C.

[3] Record document number 6-4, Exhibit B. Plaintiff's Answers to Interrogatories were not singed by her nor were they made under
(continued...)

Defendant provided evidence of its efforts to obtain the plaintiff's discovery responses prior to filing its motion.[4] Defendant asserted that it contacted the plaintiff's counsel numerous times and last spoke to the plaintiff's counsel on February 10, 2015. After no supplemental responses were received, the defendant filed this motion to compel on February 13, 2015.

Despite the defendant's efforts to obtain the plaintiff's discovery responses, she did not serve any supplemental answers or produce responsive documents. Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when her supplemental discovery responses will be provided. Plaintiff's December 1, 2014 responses state that the requested information will be forwarded upon receipt by the plaintiff. However, the fact discovery deadline ended on March 1, 2015.[5] Plaintiff has had sufficient time to provide the information and produce responsive documents, or at least explain what efforts she has made to do so.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiff to respond and imposing sanctions. Plaintiff will be required to provide supplemental responses to the Interrogatory Numbers 5, 6, 13, 14, and 15 and produce responsive documents to

---

[3](...continued)
oath, as required by Rules 33(b)(3) and (5), Fed.R.Civ.P. This ruling requires the plaintiff to correct those deficiencies.

[4] Record document number 6-5, Exhibit C.

[5] Record document number 5, Scheduling Order.

Request for Production of Documents Numbers 2, 3, 4 and 8 within 14 days. No objections will be allowed.[6]

Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the defendant's Motion to Compel is granted. Plaintiff Rachel Franklin shall serve supplemental answers to the defendant's Interrogatory Numbers 5, 6, 13, 14, and 15 and produce documents responsive to the defendant's Request for Production of Documents Numbers 2, 3, 4 and 8, without objections and within 14

---

[6] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. See, In re U.S., 864 F.2d 1153, 1156 (5th Cir.), reh'g denied, 869 F.2d 1487 (5th Cir. 1989); Godsey v. U.S., 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

days. Plaintiff' supplemental answers must comply with Rules 33(b)(3) and (5), Fed.R.Civ.P. (answers must be under oath and signed by the plaintiff). Plaintiff must also serve a certificate, signed by her under oath, stating that her previous answers to interrogatories are true and correct to best of her knowledge, except as they may be changed by her supplemental answers. Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendant, within 14 days, its reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, March 20, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4